**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **M&M BAR CORPORATION,** ) | **CASE NO. 1:16CV1145** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **NORTHFIELD INSURANCE** ) | |
| **COMPANY,** ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion of Defendant Northfield Insurance Company for Judgment on the Pleadings (ECF DKT #15) and Plaintiff M&M's Cross-Motion (ECF DKT #16). Northfield (erroneously identified as "Northland" in Plaintiff's original Complaint) and Plaintiff, M&M Bar Corp. dba Mr. Peabody's Pub ("M&M"), entered into a liability insurance policy by which Northfield agreed to defend and indemnify M&M against claims for bodily injury. Northfield argues that all the claims in the underlying Complaint against M&M fall within policy exclusions and that Northfield is relieved of the obligation to indemnify and defend M&M. For the following reasons, Northfield's Motion is GRANTED.

# I. FACTUAL AND PROCEDURAL HISTORY

The relevant facts are uncontroverted. M&M entered into an insurance contract with Northfield Insurance. At all relevant times, M&M had a valid insurance contract with Northfield which provided that Northfield would defend and indemnify M&M in legal actions taken against M&M. The policy also listed a number of exclusions to coverage.

On December 20, 2014, Mark Farrar, a patron of M&M's establishment, Mr. Peabody's Pub, was allegedly attacked by an individual named Sean Broz while on the premises. The pertinent allegations in Farrar's State Court Complaint against Broz and Mr. Peabody's are as follows:

1. Broz maliciously, unlawfully, and intentionally, recklessly, and/or negligently struck (Farrar) causing (Farrar) to suffer severe and permanent injuries.

2. Defendant did knowingly serve a noticeably intoxicated person, to wit: Defendant Sean Broz, intoxicating beverages in violation of O.R.C. § 4301.22 (hereinafter Dram Shop Claim).

3. At all times material herein, Defendant and/or its agents and/or employees negligently failed to provide security and safety for (Farrar) despite notice, both actual and constructive, of a risk of harm posed to (Farrar) by . . . Broz (hereinafter Negligent Security Claim).

Northfield refused to defend M&M against these claims and argues that all the allegations against M&M are excluded from coverage under the policy. Northfield then removed its Declaratory Judgment action to the Northern District Court of Ohio on May 13, 2016, seeking a declaration of the rights and obligations between Northfield and M&M regarding the action filed by Farrar. Northfield filed a Motion for Judgment on the Pleadings and M&M filed a Brief in Opposition as well as a Cross-Motion for Judgment on the Pleadings.

## II. LAW AND ANALYSIS

**A. Standard of Review**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original). Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it

> tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.
>
> *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Declaratory Judgment**

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press*

*v. Rickover*, 369 U.S. 111, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962), the highest court opined:

"'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985).

The parties do not dispute that Ohio law governs the interpretation of the relevant insurance policy. The policy was written for M&M, an Ohio company, and insured a property located in Ohio. Therefore, the Court will apply Ohio law.

### **B. Defendant's Motion for Judgment on the Pleadings**

The parties dispute whether all of the allegations in the Complaint against the insured, M&M, are excluded from indemnity under the insurance policy. Ohio law clearly holds that the allegations as set forth in the complaint against the insured determine the scope of the insurer's duties. *Ohio Gov't. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 246 (2007). "The insurer must defend the insured in an action when the allegations state a claim that potentially or arguably falls within the liability insurance coverage. However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputably outside the contracted coverage." *Id.*

In examining the language of the insurance policy, the Court will resolve any ambiguities in favor of the insured. Insurance policies are considered contracts of adhesion because the terms are dictated exclusively by the insurers. *Sekeres v. Arbaugh,* 31 Ohio St.3d

24 (1987). Because of the parties' unequal bargaining power, the terms of a policy must be strictly construed against the insurer. *Sharonville v. Am. Employers. Co.,* 109 Ohio St.3d 186 (2006), *quoting King v. Nationwide Ins. Co.,* 35 Ohio St.3d 208 (1988) at *syllabus* (explaining that when provisions of an insurance policy "are susceptible of more than one interpretation, they 'will be construed strictly against the insurer and liberally in favor of the insured.'").

**1. The Dram Shop Claim**

The Dram Shop Claim is excluded from coverage under the "Liquor Liability" exclusion. The policy between Northfield and M&M specifically excludes indemnity for:

> "Bodily injury" . . . for which any insured may be liable by reason of: (1) causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought to your premises for consumption on your premises; (2) the furnishing of alcoholic beverages to a person . . . under the influence of alcohol; or (3) any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Farrar's first claim against M&M alleges that M&M is liable for serving Broz while he was noticeably intoxicated. The Complaint further alleges that Farrar incurred bodily injury after being struck by Broz. The language of the Complaint mirrors the language of the exclusion in the policy. M&M takes no position as to whether the "Liquor Liability" exclusion applies to the Dram Shop Claim. (M&M's Opposition Brief, ECF DKT #16 at 7). The Court finds that the conduct alleged in the Dram Shop Claim falls within the policy's "Liquor Liability" exclusion.

**2. The Negligent Security Claim**

Plaintiff's Negligent Security Claim also falls within a policy exclusion. The policy excludes indemnity for:

> "Bodily injury" . . . arising out of an act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of such "assault" or "battery" (hereinafter "Battery" exclusion).

Plaintiff submits that the Complaint alleges that Broz negligently caused bodily injury to Farrar by *striking* him as a result of M&M's negligent lack of security. Plaintiff correctly asserts that Northfield may have to indemnify M&M if the bar's negligent lack of security resulted in a personal injury resulting from an act other than "assault" or "battery".

While negligence does not constitute "battery" as traditionally defined, the insurance contract has its own definition for "battery," which encompasses the negligent bodily injury alleged in the Complaint. The contract defines "battery" to mean:

> Any intentional, reckless or *offensive physical contact* with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the inflicted injury is intended or expected.

Although the policy clearly excludes coverage of bodily injury claims caused intentionally or recklessly, the definition also excludes *unintentional* bodily injury if such injury is caused through *"offensive physical contact."* The term *"offensive physical contact"* is not defined in the policy. When a term in an insurance contract is not defined, Ohio law requires the court to apply the term's ordinary meaning. See *Owens-Illinois, Inc. v. Aetna Cas. and Sur. Co.,* 990 F.2d 865, 872 (6th Cir. 1993), quoting *Miller v. Marrocco,* 28 Ohio St.3d 438 (1986).

> Under Ohio law, where, as in this case, a term in an insurance contract is not defined, it is to be given its ordinary meaning: The law in this state is well-established with respect to the interpretation of insurance contracts. A court has an obligation to give plain language its ordinary meaning...."

Ohio courts have not defined *offensive physical contact* in the context of insurance policies. Under Ohio law, courts must apply the following canons of construction:

> An insurance policy is a contract, and a court's construction of any contract is a matter of law. When the intent of the parties is evident from the clear and unambiguous language in the agreement, a court must enforce the contract as written and give the words their plain and ordinary meaning. But if the language in the policy is ambiguous, the contract must be construed strictly against the insurer.
>
> Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof. [I]f a policy does not plainly exclude a claim from coverage, then an insured may infer that the claim will be covered.

*Southside River Rail Terminal v. Crum & Forster Underwriters of Ohio*, 157 Ohio App. 3d 325, 331, (Ohio App. 3rd Dist. 2004). (internal citations omitted).

The term *offensive* describes the "physical contact." In this context, Webster's Dictionary (2016 ed.) unambiguously defines "offensive" as "giving painful or unpleasant sensations." The Complaint alleges that Broz struck Farrar and caused permanent physical injury. In light of the permanent injuries alleged by Farrar as a result of Broz's physical contact on December 20, 2014, the only reasonable conclusion is that this physical contact was both painful and unpleasant.

The exclusion further stipulates that the physical contact need not be *intentional*; and thus, the exclusion would encompass the alleged act of negligently striking another person so long as the contact was painful or unpleasant. Since the Negligent Security Claim arises out of a bodily injury resulting from a "battery," as defined in the policy; that Claim against M&M is likewise excluded from indemnity under the insurance policy.

### III. CONCLUSION

Defendant Northfield seeks a Court declaration regarding Northfield's obligation to defend and indemnify M&M in the lawsuit by Farrar. Since both of the claims in the Complaint against M&M are unambiguously excluded under the "Battery" and "Liquor Liability" exclusions of the insurance policy, Northfield is not required to indemnify nor defend M&M against Farrar's lawsuit. Therefore, Northfield's Motion for Judgment on the Pleadings (ECF DKT #15) is GRANTED and M&M's Cross-Motion (ECF DKT #16) is DENIED.

Furthermore, in light of this ruling, the Motion (ECF DKT # 14) of Mark Farrar to Intervene is DENIED.

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: May 24, 2017**